# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
　　　*Plaintiff-Appellee,*

v.

JOSEPH MORIARITY,
　　　*Defendant-Appellant.*

No. 01-4924

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-118)

Submitted: July 26, 2002

Decided: August 8, 2002

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joseph Moriarity pled guilty to conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371 (2000) in the Western District of Pennsylvania. He was sentenced to twenty-four months probation in May 2001. The district court subsequently transferred jurisdiction to the Eastern District of North Carolina and expressly consented to that district's ability to change Moriarity's period of probation or supervised release. While on probation, Moriarity failed to abide by the conditions of the community corrections center in which he was housed, and failed to abstain from the use of alcohol. The district court revoked Moriarity's probation and sentenced Moriarity to twelve months imprisonment to be followed by a thirty-six month term of supervised release.

Moriarity's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court abused its discretion by sentencing Moriarity to twelve months imprisonment, but stating that in his opinion there were no meritorious issues. Moriarity has submitted a pro se supplemental brief addressing the same issue.

Under *U.S. Sentencing Guidelines Manual* § 7B1.4 (2000), Moriarity's guidelines range was six to twelve months. Moreover, he was subject to a maximum term of supervised release of thirty-six months. 18 U.S.C. § 3583(b)(2) (2000). Finding no abuse of discretion in the sentence, we affirm. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995) (providing standard of review).

As required by *Anders*, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*